## EARL WHITE V. THE STATE.

No. 18688. Delivered December 23, 1936.
Rehearing Denied February 10, 1937.

The opinion states the case.

*Robert P. Brown,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment assessed being confinement in the penitentiary for a term of three years.

The second count of the indictment charged W. D. (Dub) Allred and Earl White as acting together in the burglary at night of a house belonging to Boyd Holbrook. White alone was upon trial.

The record contains no bills of exception and no objections were reserved to the charge of the court. The sole question presented for review is the sufficiency of the evidence to support the judgment of conviction. It was argued persuasively that the witness Mann, the night watchman in the town of Winters where the burglary is alleged to have occurred, could not have seen appellant in the burglarized house as testified to by him. The house burglarized was a small confectionery or sandwich

stand only about twelve feet by eight feet in size. The owner of the building, after describing the construction thereof and the location of the windows and doors, testified that he left the building about two o'clock at night. He further testified:

"The way I left that building, a person from the outside could see plumb through the building from the northeast side. On the south side fronting on Dale Street a person outside could see plumb through the front of the building. There was a street light sitting there in front of the building and that street light threw a reflection plumb through the building. Any time we cut the lights out anyone could see in the building with the street lights and could recognize and tell what was in the building by that street light; you could see that from the northeast corner, which was antigodlin across from my building about three hundred feet."

Mr. Mann, the night watchman, testified that about four o'clock at night he saw appellant and Allred going toward the burglarized building and saw them turn the corner and pass out of his sight; that shortly thereafter he heard a crash and sounds like loose pieces of glass being moved. He then went to the back of the postoffice which was some one hundred feet from the burglarized building, from which point he could see inside the building, and that he saw both appellant and Allred inside; that Allred was in front of the counter and appellant behind the counter; that while he could not see what they were doing with their hands he could see them moving about inside the building, and that he saw Allred come out of the building and look up and down the street. The furniture in the building was moved around from place to place and approximately nine cartons of cigarettes were taken. A bucket of candy, identified by the owner as having come from the building, was found outside the door on the sidewalk. The evidence seems amply sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have carefully re-examined the testimony which is set forth in substance in the original opinion and feel assured that the evidence adduced upon the trial was such as justified the judgment of conviction.

The motion for rehearing is overruled.

*Overruled.*